IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 24-cv-01738-SKC-TPO

FRANKLIN D. AZAR & ASSOCS., PC,

    Plaintiff,

v.

BRAD MILLER, et al.,

    Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION
TO MAGISTRATE JUDGE'S DISCOVERY ORDER (DKT.70)**

The above-referenced Objection to Magistrate Judge Timothy P. O'Hara's Order in Support (Discovery Order) (Dkt. 63) of his discovery rulings is now before the Court.[1] For the reasons shared below, the Court overrules the Objection.

---

[1] Plaintiff purports to object to both Judge O'Hara's May 28, 2025 oral discovery order and his May 30, 2025 written Order in Support. As the Court understands it, Judge O'Hara's findings and rulings from the discovery hearing were merged and incorporated into his subsequent Discovery Order. Dkt. 63 ("[T]he Court issues the present Order in Support, which is meant to supplement, not supplant, the factual and legal findings made at the May 28, 2025 Hearing.").

On a different issue, both parties sometimes refer to Judge O'Hara as simply "Magistrate O'Hara." Since 1990, those who hold Judge O'Hara's (and this Court's former) position across the country have been known as "United States Magistrate *Judges*." Judicial Improvements Act of 1990, codified in part at 28 U.S.C. § 631 (emphasis added). Thus, the title of "Magistrate Judge" has been in use for 35 years. Omission of the word "Judge" from his official title may reflect mere carelessness, but

1

## BACKGROUND

The pertinent background is nicely explained by Judge O'Hara, as follows:

> On May 28, 2025, the Parties appeared before this Court for a Discovery Hearing. ECF 61. The Parties presented two issues, both relating to the Defendants' request for additional information about Plaintiff's use of keyword bidding as part of legal advertising. At the conclusion of the Hearing, after considering the information submitted by the Parties and the arguments of counsel, the Court granted the Defendants' request to conduct additional discovery on this topic, allowing Defendant to depose one or two witnesses for a total of three hours. Considering the amount of information and argument that has been received by the Court over two separate discovery dispute hearings, and the importance of context to the Court's ruling, the Court issues the present Order in Support, which is meant to supplement, not supplant, the factual and legal findings made at the May 28, 2025 Hearing. The Court makes one amendment to its previous Order: the Court now allows Defendants a total of four hours of deposition time between the two witnesses.

Dkt. 63.

Judge O'Hara found the information sought by Defendants relevant to "at least three areas:" (1) "it is the Defendants' theory that some of the steps alleged by Plaintiff . . . to be part of the alleged wrongful scheme are actions regularly and legitimately conducted by law firms, including Plaintiff, as part of online marketing efforts[;]" (2) "the information could be used to impeach the credibility of Plaintiff's witnesses, including any expert witnesses retained by Plaintiff[;]" and (3) the information is pertinent to "a number of affirmative defenses and a counterclaim."[2]

---

it is nevertheless inappropriate and should not be repeated in this or any other federal court.

[2] Judge O'Hara referenced Defendants' third, seventh, eleventh, and twelfth affirmative defenses.

*Id.*, pp.7-8. He concluded: "These three areas demonstrate that the Defendants' request for discovery in this area could lead to relevant, admissible evidence at trial. As a result, the request passes Rule 26(b) muster." *Id.*, p.9.

## STANDARD OF REVIEW

Upon a timely objection, a district judge may modify or set aside a magistrate judge's order on a non-dispositive matter to the extent the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard requires affirmance unless the district judge is left with the "definite and firm conviction" that a mistake was made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (cleaned up). This is a high bar. *Box Elder Kids, LLC v. Anadarko E & P Onshore, LLC*, No. 20-cv-2352-WJM-JPO, 2024 WL 3963505, at *5 (D. Colo. Aug. 16, 2024). It leaves no room for modifying or setting aside a magistrate judge's non-dispositive order simply because the district judge might have ruled differently in deciding the matter in the first instance. *Id.*

## ANALYSIS

The Court has considered Plaintiff's Objection under the applicable "clearly erroneous" and "contrary to law" standard. The Court finds no such error appears in the Discovery Order. Plaintiff's objections are little more than a disagreement with Judge O'Hara's reasoning and findings that in no way demonstrate clear error or anything contrary to law.

3

To be sure, Plaintiff does not argue the applicable standard in its Objection. While Plaintiff twice cites Rule 72(a), the words "clearly erroneous" or "contrary to law" appear nowhere in the Objection. Nor does Plaintiff cite case law or other authority that directly impugns Judge O'Hara's analysis and findings. The Objection is very much a rehash of the arguments Plaintiff presented to Judge O'Hara regarding Plaintiff's disagreement over the relevance of the information Defendants seek. *See, e.g.*, Dkt. 70-1, ECF pp.3-4; Dkt. 71, PDF pp.23:20-25, 24:1-6, PDF p.30:10-17, PDF p.50:17-25; *see also Guiden v. Leatt Corp.*, No. 5:10-CV-00175, 2013 WL 4500319, at *6 (W.D. Ky. Aug. 21, 2013) ("The arguments now advanced . . . appear to be the exact same arguments previously considered and rejected by the Magistrate Judge.").

A party can't simply raise the same arguments that the magistrate judge considered and expect the reviewing court to treat the filing seriously. *Rosado–Lebron v. Comm'r of Soc. Sec.*, 193 F. Supp. 2d 415, 418 (D.P.R. 2002). It "is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2017 WL 11539508, at *2 (N.D. Ala. Jan. 20, 2017) (cleaned up). *See also MedEnvios Healthcare, Inc. v. United States Dep't of Health & Hum. Servs.*, No. 23-20068-CIV, 2024 WL 551837, at *2 (S.D. Fla. Feb. 12, 2024) (parties are not

4

to be afforded a second bite at the apple when they file objections); *Wheeler v. BMW of N. Am. LLC*, No. 3:20-CV-36-RJC-DSC, 2022 WL 301537, at *2–3 (W.D.N.C. Feb. 1, 2022) ("Defendant's Objection largely makes, and relies on, the same arguments already presented to and rejected by the Magistrate Judge rather than sufficiently presenting to the Court the reasons that the Magistrate Judge's Order is clearly erroneous or contrary to law.").

More dispositive, however, is that Judge O'Hara expressly found the information sought by Defendants relevant to *three* areas: (1) the alleged wrongful scheme alleged by Plaintiff; (2) impeachment; and (3) various of Defendants' affirmative defenses and counterclaim. But the Objection focuses exclusively on the latter. For example, the word "impeachment" makes no appearance in the Objection. Because Judge O'Hara found Defendants' discovery requests relevant to three things, and Plaintiff only objected to one, it's failure to object to the other two provides sufficient basis alone to overrule the Objection. *HT S.R.L. v. Velasco*, No. MC 15-664 (RBW), 2015 WL 13759884, at *5 (D.D.C. Nov. 13, 2015) ("First, Magistrate Judge Kay provided several independent reasons for how the respondent failed to comply with Rule 7(m). . . . But because the respondent objects to only one listed failure, the other flaws identified by Magistrate Judge Kay are sufficient for the Court to conclude that he acted properly."); *see also Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781 (10th Cir. 2021) (failure to object to a magistrate judge's non-dispositive ruling results in waiver).

A party is entitled to discover information relevant to asserted claims and defenses and proportional to the needs of the case regardless of its admissibility at trial. Fed. R. Civ. P. 26(b)(1). In his well-reasoned Discovery Order, Judge O'Hara explained his determination that there are three relevant aspects of Defendants' disputed discovery requests. Plaintiff only objects to one of those findings. And in any event, considering all three of Judge O'Hara's findings, this Court finds nothing clearly erroneous about the Discovery Order nor anything in it that is contrary to law.

*   *   *

For the reasons shared above, the Objection at Dkt. 70 is OVERRULED and the Discovery Order at Dkt. 63 (*see also* Dkt. 61) is ADOPTED. The Court furthers ORDERS Defendants' Response to Plaintiff's Objection at Dkt. 84 is STRICKEN because it violates SKC Civ. Practice Standard 72(d), and ORDERS Plaintiff's Motion for Leave to File Reply In Support of Its Objection at Dkt. 89 is DENIED.

DATED: July 3, 2025

BY THE COURT:

_____
S. Kato Crews
United States District Judge